UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VLAD BONDARENKO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:21-cv-1442-JAR |
| | ) |
| ALEX POLOUNIN, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the application of self-represented plaintiff Vlad Bondarenko to proceed in the district court without prepaying fees and costs. Having reviewed the application and the financial information submitted in support, the Court will grant the application. Additionally, for the reasons discussed below, the Court will dismiss without prejudice plaintiff's claims brought against defendant.

**Legal Standard on Initial Review**

This Court is required to review complaint filed *in forma pauperis*, and must dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,*

550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff brings this action against defendant Alex Polounin alleging the violation of several criminal statutes involving the obstruction, destruction, or theft of mail. *See* 18 U.S.C. § 1701, *et seq*. Plaintiff states that his mail has been regularly stolen, opened, destroyed, or tampered with since October 26, 2021 by defendant. Plaintiff states that the mail is "never returned to me." "I am suffering monetary losses and emotional distress as a result of defendant's actions." For relief, plaintiff seeks $150,000 in damages and compensation.

## Discussion

Plaintiff's complaint alleges a private right of action against defendant arising out of the criminal mail fraud statutes. On initial review, the Court finds that the mail tampering and mail fraud statutes are criminal statutes that confer no private right of action to plaintiff. Therefore, the Court will dismiss plaintiff's action for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

"[T]he fact that a statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979). Rather, like substantive federal law itself, a private right of action to enforce a federal law must be created by Congress. *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001). To determine whether a private right of action exists, a court must consider four factors: (1) whether the plaintiff is a member of the class for whose benefit the statute was enacted; (2) whether Congress intended, explicitly or implicitly, to create such a remedy; (3) whether a private remedy is consistent with the underlying legislative scheme; and (4) whether a private right based on a federal statute would interfere with an area relegated to state law.

Courts that have addressed this issue have consistently found that the mail fraud statutes confer no private right of action. *See Sigler v. Stearns Cty.*, No. 18-cv-2593 (MJD/LIB), 2018 WL 6332769, * 2 (D. Minn. Oct. 4, 2018) (citing *Hussein v. Sessions*, No. 16-cv-780 (SRN/SER), 2017 WL 1954767, at *5 (D. Minn. May 10, 2017) ("[Section] 1708 does not give rise to a private right of action ."), *aff'd* 715 F. App'x 585 (8th Cir. 2018)); *Ledin v. United States Postal Serv.*, No. 4:18-cv-00276-SRB, 2018 WL 11242022, *3 (W.D. Mo. Jul. 16, 2018) (citing *Chapa v. Adams*, 168 F.3d 1036, 1038 (7th Cir. 1999) ("[T]he Supreme Court has been unwilling to treat criminal laws as implying private entitlements . . . .") and *Montague v. Corrs. Corp. of Am.*, No. 3:10-cv-

0043, 2010 WL 3853361, *2 (M.D. Tenn. Sept. 30, 2010)). The Court finds these cases persuasive in finding the plain language of the statutory text of the criminal mail fraud statutes, § 18 U.S.C. 1708, *et seq.*, displays no intent to crate a private right of action or a private remedy. *See United States v. Gonzales*, 520 U.S. 1, 6 (1997) (stating that when statutory language is clear "there is no reason to resort to legislative history" to determine its meaning).

Although plaintiff cannot state a federal civil claim arising out of the criminal mail fraud statutes, it is possible that he might be able to pursue common law remedies in state court. However, because there is no private right of action under the criminal mail fraud statutes, the Court will dismiss plaintiff's complaint on initial review for failure to state a claim upon which relief may be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepaying fees or costs is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that on initial review pursuant to 28 U.S.C. § 1915(e)(2)(B), plaintiff's complaint against defendant Alex Polounin is **DISMISSED without prejudice** for failure to state a claim upon which relief can be granted.

An order of dismissal will accompany this memorandum and order.

Dated this 17th day of February, 2022.

                                                                                          */s/ John A. Ross*
                                                                                          **JOHN A. ROSS**
                                                                                        **UNITED STATES DISTRICT JUDGE**